F. E. Cox *v.* J. P. Winston.

**Default Judgment — Value of Rent.**

 If the record had shown that there was a trial in the court below, so that it might at least be inferred that the allegations of the value of rent had not been exclusively relied upon to determine the amount of the judgment, it might have been sustained; but as it does not show that fact we must conclude that the requirements of section 153, Civil Code, had not been complied with.

APPEAL FROM KENTON CIRCUIT COURT.

January 5, 1865.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought in the court below by appellee against appellant and Thomas Greer upon a supersedeas bond, in which,

amongst other things, the obligors undertook to pay to appellee all rents, hire, or damage which, during the pendency of the appeal, may accrue on any property of which appellee is kept out of possession by reason of the appeal, etc., in case the judgment superseded should be affirmed.

It is alleged in the petition that said judgment was affirmed, and that the rents of the land of which appellee was kept out of the possession by reason of the appeal and bond aforesaid were worth $500, and the costs incurred by him for which he recovered a judgment in this court amounted to $47.20, which was unpaid, and he prayed judgment for both said sums.

At the June term, 1862, of the court below, judgment was rendered against appellant by default for the sum of $547.09, and he has appealed.

If the record had shown that there was a trial in the court below, so that it might at least be inferred that the allegation of the value of rents had not been exclusively relied upon to determine the amount of the judgment, it might have been sustained, but as it does not show that fact we must conclude the requirements of section 153, Civil Code, were not complied with. Daniel v. Judy, 14 B. Mon. 393.

Wherefore, the judgment is reversed, and the cause remanded for a trial and further proceedings in conformity with this opinion.